[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10966
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cv-01027-RDP


FELICIA ABRAM,

                                                        Plaintiff-Appellant,

versus

VON MAUR, INC.,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 9, 2018)

Before TJOFLAT, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

I.

Felicia Abram, an African American woman and former department manager at a Von Maur store, appeals the District Court's grant of summary judgment in favor of Von Maur, Inc., in her employment-discrimination and retaliation suit brought under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 3.  Abram was terminated for poor work performance around three weeks after complaining to her superiors about their request that she discipline an African American employee for the same type of misconduct for which a Caucasian employee was not punished.  Within the intervening period, Abram received her 2013 annual performance review which stated that, for the most part, her performance was satisfactory.

Abram argues that the District Court erred in granting summary judgment on her race-discrimination claim because she established her *prima facie* case by showing that she was replaced by a Caucasian co-worker after being terminated; or, in the alternative, because the disparity in how Von Maur treated her versus how it treated a Caucasian floor manager demonstrated that race was a factor in her termination.  Abram adds that Von Maur's cited reason for terminating her—poor work performance—was a pretext for racial discrimination given her positive performance history with Von Maur.

2

Regarding her retaliation claim, Abram contends that the District Court erred in granting summary judgment because she made out her *prima facie* case by showing that she was terminated shortly after expressing her belief that disciplining an African American employee, but not a Caucasian employee, for the same type of misconduct would amount to unlawful racial discrimination. Abram further argues that Von Maur's justification for firing her was a pretext for retaliating against her for expressing this belief.

## II.

We review a grant of summary judgment *de novo*. *Rioux v. City of Atlanta*, 520 F.3d 1269, 1274 (11th Cir. 2008). We must view all the evidence and factual inferences reasonably drawn therefrom in the light most favorable to the nonmoving party, and we must resolve all reasonable doubts about the facts in the nonmovant's favor. *Id.* "Mere conclusions and unsupported factual allegations are legally insufficient to create a dispute to defeat summary judgment." *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989). Moreover, a "mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

3

A.

Under 42 U.S.C. § 1981(a), "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens."  In the employment context, § 1981 provides for protection against discrimination based on race.  *See Standard v. A.B.E.L. Servs. Inc.*, 161 F.3d 1318, 1330–34 (11th Cir. 1998).  Similarly, Title VII prohibits an employer from discharging or otherwise discriminating against a person based on her race.  42 U.S.C. § 2000e-2(a)(1).  We analyze § 1981 claims using the same evidentiary requirements and analytical framework as claims brought under Title VII.  *See Standard*, 161 F.3d at 1330.

Where, as here, an employee attempts to prove discriminatory intent by circumstantial evidence, the claims are subject to the methods of proof set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973).  *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003).  Under the *McDonnell Douglas* framework, a plaintiff establishes a *prima facie* case of race discrimination by demonstrating that she (1) is a member of a protected class, (2) was qualified for her position, (3) suffered an adverse employment action, and (4) was replaced by someone outside of her protected class or was treated less favorably than a similarly situated employee outside of her class.  *Id.*  To be "similarly situated" to the plaintiff, another employee, known as a comparator, must be similarly situated "in all

4

relevant respects."  *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997).  In cases involving discriminatory discipline, we ask "whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways."  *Burke-Fowler v. Orange County, Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006) (internal quotation marks omitted).  The quantity and quality of the comparator's misconduct, moreover, must be "nearly identical" to that of the plaintiff "to prevent courts from second-guessing employers' reasonable decisions."  *Id.*; *see also Flowers v. Troup Cty., Ga., Sch. Dist.*, 803 F.3d 1327, 1341 (11th Cir. 2015) ("On-the-ground determinations of the severity of different types of workplace misconduct and how best to deal with them are exactly the sort of judgments about which we defer to employers.").

If the four *McDonnell Douglas* elements are proven but the employer articulates a legitimate, nondiscriminatory reason for its actions, the plaintiff must then show that the employer's alleged reason is a pretext for illegal discrimination. *McDonnell Douglas*, 411 U.S. at 802–04, 93 S. Ct. at 1824–25.  To prove such a pretext, the plaintiff must "cast sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable factfinder to conclude that the employer's proffered legitimate reasons were not what actually motivated its conduct."  *See Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) (internal quotation marks omitted).  A legitimate, nondiscriminatory reason

5

proffered by the employer is not a pretext for prohibited conduct unless the plaintiff shows that the reason is false and that the real reason is impermissible discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515–16, 113 S. Ct. 2742, 2751–52 (1993). Further, an employer's deviation from its company policy, standing alone, does not demonstrate discriminatory animus. *Mitchell v. USBI Co.*, 186 F.3d 1352, 1355–56 (11th Cir. 1999).

The District Court did not err in granting summary judgment to Von Maur on Abram's race-discrimination claim. First, it properly held that Abram failed to make out a *prima facie* case of race-based discrimination because she did not identify any suitable comparators.[1] Abram asserted that Aileen Read,[2] a Caucasian floor manager who was not terminated despite documented substandard performance, was a proper comparator. Read, however, held a different position, had different responsibilities, and was reviewed according to different criteria on a different scale than Abram. The two also exhibited different strengths and weaknesses. For example, in the "goals" section of Abram's 2013 annual

---

[1] Abram also argued below that because a Caucasian individual took her former position, she made out a *prima facie* case of race discrimination under the *McDonnell Douglas* framework. The District Court held that this claim was not adequately presented in Abram's briefs and so it refused to acknowledge the claim. We need not review that decision because we ultimately agree with the District Court that, even assuming Abram established a *prima facie* case, Von Maur articulated a legitimate, nondiscriminatory reason for her termination which Abram failed to rebut as a pretext for discrimination.

[2] In the District Court, Abram had also identified Melissa Patton, a Caucasian store manager, as a comparator. However, she has abandoned that position on appeal.

6

performance review, Abram was instructed to take positive action to build department morale. Read's review, in contrast, cited maintaining a positive environment and morale as a strength. Further, Abram was noted as being consistently tardy; Read was not. The two were thus neither similarly situated in "all relevant respects" nor did they engage in a "nearly identical" quality and quantity of misconduct. *Cf. Burke-Fowler*, 447 F.3d at 1323; *Holifield*, 115 F.3d at 1562.

Next, the District Court properly held that, even assuming *arguendo* that Abram established a *prima facie* case, Von Maur articulated a legitimate, nondiscriminatory reason for her termination—poor performance—which Abram failed to show was a pretext for discrimination. Abram's superiors had both observed problems with and received complaints about Abram's ineffective management style and substandard performance well before the event she claims led to her firing. Further, that Read was not terminated despite substandard performance does not indicate pretext, as the two are not comparators. Finally, even though Abram did not receive two disciplinary warnings before termination, as is Von Maur's policy, this deviation does not, standing alone, amount to discriminatory animus. *See Mitchell*, 186 F.3d at 1355–56. Abram thus failed to show pretext. The District Court properly granted summary judgment in Von Maur's favor on Abram's race-discrimination claim.

7

B.

Section 1981 prohibits retaliation against a party who has filed a formal complaint charging racial discrimination.  *See Andrews v. Lakeshore Rehab. Hosp.*, 140 F.3d 1405, 1411–13 (11th Cir. 1998); *see also CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 457, 128 S. Ct. 1951, 1961 (2008) (holding that § 1981 covers retaliation claims).  Title VII contains a similar protection.  *See* 42 U.S.C. § 2000e-3.  Because Abram's § 1981 retaliation claim, like her race-discrimination claim, depends upon circumstantial evidence, the *McDonnell Douglas* framework governs.  *See Bryant v. Jones*, 575 F.3d 1281, 1307 (11th Cir. 2009).

Von Maur provided a legitimate, nondiscriminatory reason for firing Abram.  For the same reasons discussed above, Abram could not, in turn, demonstrate this was a pretext for retaliation.  The District Court thus properly granted summary judgment to Von Maur with respect to this claim.

III.

The District Court did not err in granting summary judgment in Von Maur's favor on both of Abram's claims.

**AFFIRMED.**

8